UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| AUDREY A. IVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Phillip J. Green |
| | ) | |
| COMMISSIONER OF | ) | Case No. 1:16-cv-00589-PJG |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION AND ORDER

This was a social security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to supplemental security income (SSI) benefits. On March 3, 2017, this Court entered a judgment vacating the Commissioner's decision and remanding this matter back to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 21). On April 10, 2017, plaintiff filed her motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (ECF No. 24). On April 21, 2017, plaintiff filed a supplement adding an exhibit she inadvertently omitted from her initial motion. (ECF No. 26). On April 24, 2017, Defendant filed a response in opposition to plaintiff's motion for attorney's fees. (ECF No. 27). For the reasons set forth herein, the Court will deny plaintiff's motion as supplemented (ECF No. 26, 27).

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). A district court's decision granting or denying a motion for attorney's fees under the EAJA is reviewed on appeal under a deferential "abuse of discretion" standard. *DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014).

The Sixth Circuit has identified three conditions that must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances that would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d at 725. Plaintiff is a prevailing party under this Court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993); 28 U.S.C. § 2412(d)(2)(H). Plaintiff is a financially eligible person under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(B).

Defendant opposes an EAJA award, asserting that the government's position was substantially justified. (ECF No. 27). Defendant has the burden of demonstrating that the government's position was substantially justified. *See*

*Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). The government's position is substantially justified if it is "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Defendant has carried her burden.

Plaintiff is not entitled to EAJA attorney's fees simply because she obtained a decision from this Court reversing the Commissioner's decision and remanding the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). *See DeLong*, 748 F.3d at 726; *Ratliff v. Commissioner*, 465 F. App'x 459, 460 (6th Cir. 2012) ("The Commissioner's position may be substantially justified even if it is rejected by the district court."); *Couch v. Secretary of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) ("The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified."); *Saal v. Commissioner*, No. 1:08-cv-347, 2010 WL 2757554, at * 2 (W.D. Mich. June 24, 2010) ("The ALJ's failure to meet the articulation requirements in a decision 'in no way necessitates a finding [that the Commissioner's] position was not substantially justified.' ") (quoting *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992)).

This case turned on the narrow issue of whether the Administrative Law Judge's (ALJ) committed reversible error by not addressing a two-sentence statement made on a prescription pad by a treating urologist: "Patient has a medical condition

that may require her to use the restroom often.  Please allow her to use the facilities as needed to accommodate her condition."  (ECF No. 10-7, PageID.388).  The Commissioner conceded that the note constituted a medical opinion.  (ECF No. 23 at PageID.459, 482).

The question then became whether the ALJ's failure to articulate good reasons for the weight given to this statement was harmless error.  The Court noted the lack of developed Sixth Circuit case law regarding when an error in this context should be deemed harmless.  (*see* ECF No. 23 at PageID.484) ("In dicta the Sixth Circuit in *Wilson v. Commissioner*[, 378 F.3d 541, 547 (6th Cir. 2004)] suggested that there may be three potential situations in which a harmless error rule may apply.").  The Court also noted that in Wilson the Sixth Circuit expressly declined to reach the issue of whether a *de minimis* violation may qualify as harmless error.  (ECF No. 23 at PageID.460; *see Wilson*, 378 F.3d at 547).  On the record presented the Commissioner was substantially justified in arguing that any error was harmless.  Further, although the Court found it unnecessary to decide other issues plaintiff raised, she was not likely to prevail on any of those issues.  (ECF No. 23, Page ID.458-59, 486).

The evidence did not strongly establish proof of disability or entitlement to SSI benefits, and the matter was remanded on the narrow basis of a procedural violation that did not appear fall within a narrow definition of harmless error.  The Commissioner's decision to deny plaintiff's claim for benefits and to defend that denial in this Court had a reasonable basis in law and fact, even though the ALJ's

opinion was not sufficiently explicit. *See, e.g., Anderson v. Commissioner*, No. 98-6284, 1999 WL 1045072, at *5-6 (6th Cir. 1999); *Bates v. Commissioner, Bates v. Commissioner*, No. 1:15-cv-739, 2017 WL 3593881, at *1 (W.D. Mich. Aug. 21, 2017).

Accordingly, the Court finds that that the Commissioner's position was substantially justified.

## Conclusion

For the reasons set forth herein, plaintiff's motion for attorney's fees under the EAJA as supplemented (ECF No. 24, 26) is **DENIED**.

**SO ORDERED.**

Dated:  July 13, 2018                                   /s/ Phillip J. Green
                                                        PHILLIP J. GREEN
                                                        United States Magistrate Judge